E. A. GREGORY and Vonna Jo Gregory, Plaintiffs–Appellants,

v.

Dennis M. MITCHELL, Individually and in his capacity as Alabama State Superintendent of Banks and as Chairman and Ex Officio a Member of the Alabama State Banking Board, et al., Defendants–Appellees.

No. 78–3128.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1981.

Rehearing Denied Feb. 11, 1981.

---

**201**

E. A. Gregory, pro se.

Vonna Jo Gregory, pro se.

Steiner, Crum & Baker, Robert E. Steiner, III, Montgomery, Ala., for Mitchell, Watson, Grimsley, Rainer, Crump, Strother, McGahey.

Smith, Bowman, Thagard, Crook & Culpepper, Charles M. Crook, Montgomery, Ala., for F.D.I.C., First Alabama Bank, N.A., Notasulga, Alabama, First Alabama Bancshares, Inc.

Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for U.S.A.

Before DYER, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

The events leading to this appeal commence circa 1974 when appellants purchased controlling interests in several rural Alabama banks, including the state–chartered First Bank of Macon County, Notasulga, Alabama. Appellants divested themselves of their interests in all but the First Bank of Macon prior to the initiation of this litigation. After acquiring majority stock ownership in each of the banks, appellants elected themselves directors and officers. The manner in which the banks were operated and the relations between appellants and the banks, particularly, and for purposes of this litigation specifically, the First Bank of Macon, came under the increasing scrutiny of Alabama banking authorities. Informal complaints were followed by investigations, formal complaints, a formal hearing, communications with the Federal Deposit Insurance Corporation (FDIC), and culminated with state authorities taking over the First Bank of Macon and transferring certain of its assets and deposit liabilities to a banking institution formed for that purpose, First Alabama Bank, N.A.

The instant complaint was filed by E. A. Gregory, Vonna Jo Gregory, Thomas Brown, and John B. Coleman, as stockholders in and on behalf of First Bank of Macon, all as parties–plaintiff, against Dennis M. Mitchell, Alabama Superintendent of Banks, the six members of the Alabama State Banking Board, First Alabama Bancshares, Inc., First Alabama Bank, N.A., the FDIC, and the United States of America, as parties·defendant.

The action was brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs allege violations of their constitutional rights to due process and equal protection when the First Bank of Macon was closed and its assets sold, and assert state law claims, seeking to invoke the court's pendent jurisdiction. The court took under submission defendants' motions to dismiss or, excepting the United States, alternatively for summary judgment. Thereafter, plaintiffs requested leave of court to amend the pleadings to assert a shareholder derivative action, and to realign the First Bank of Macon as a party–defendant, thus creating diversity jurisdiction under 28 U.S.C. § 1332.

The motions to dismiss filed by the FDIC and the United States were granted; summary judgment was granted to all other defendants. The court declined to exercise pendent jurisdiction over the state law claims or to permit plaintiffs to amend the

202

complaint and realign the parties so as to create diversity jurisdiction. This appeal follows.

On appeal appellants claim that: (1) as corporate shareholders of First Bank of Macon they have standing to bring this action, (2) the court erred in refusing plaintiffs leave to amend to allege a shareholder derivative action, (3) the motions to dismiss the FDIC and the United States were erroneously granted, and (4) summary judgments were erroneously granted the other defendants in light of alleged violations of the Fourteenth Amendment, § 1983 and Alabama state law.

### A. *Standing*

■ The four individual plaintiffs filed suit as shareholders of First Bank of Macon, contending that they are the real parties in interest and thus have standing. Fed.R. Civ.P. 17. The district court was correct in holding that "neither officers nor stockholders ... can maintain an action to redress an injury to the corporation even though the value of their stock is impaired as a result of the injury." This rule is firmly established, *Schaffer v. Universal Rundle Corporation*, 397 F.2d 893 (5th Cir. 1968) (involving an action for breach of contract and violations of the Sherman Anti–Trust Act and Robinson–Patman Price Discrimination Act), and has been extended to Civil Rights actions brought under § 1983 by shareholders claiming injury to the corporation. "The district court was correct in its holding that a stockholder cannot maintain an action under the Civil Rights Act for damages suffered by a corporation in which he owns shares." *Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388 (1977), *citing Erlich v. Glasner*, 418 F.2d 226 (9th Cir. 1969) (involving a § 1983 claim for damages to a corporation).

After stating the controlling rule, the district court held:

> Since only the bank has allegedly suffered any injury in this case, all of the individual plaintiffs must be dismissed. Moreover, the bank should also be dismissed since, as plaintiffs concede in their

brief filed March 30, 1978, "[a]ny action to be maintained on behalf of the Bank is properly to be brought by the State Superintendent or the FDIC."

These holdings, that the Civil Rights action by all individual stockholders must be dismissed and that the First Bank of Macon is an improper party–plaintiff, are eminently correct. For that reason we limit our review to consideration of the propriety of the rulings on the pendent claims, the request for leave to amend and the dismissal of the United States and the FDIC.

### B. *Pendent Jurisdiction*

■ The district court declined to exercise pendent jurisdiction over the state law claims, recognizing that "at least one of the state claims involves a novel issue under the Alabama banking laws best left to the state courts." The exercise of pendent jurisdiction is discretionary. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims...." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Having concluded that the individual plaintiffs presented no valid § 1983 claim for alleged injury to the bank, and that the bank was not properly before the court, the district court acted within its discretion to decline consideration of the state law claims. Absent a federally cognizable claim, proper parties–plaintiff were not before the court and there was nothing to which the state claims could be appended. There was no error committed in the refusal to exercise pendent jurisdiction.

### C. *Leave to Amend–Diversity*

■ After the motions to dismiss and motions for summary judgment were taken under submission, plaintiffs moved to amend their pleadings to assert a shareholder derivative action by realigning the First Bank of Macon as a defendant, thereby

invoking diversity jurisdiction under 28 U.S.C. § 1332. The district court denied leave to amend as untimely filed. Our review is limited to determining whether the trial court abused its discretion in this denial. *Harkless v. Sweeny Ind. Sch. Dist. of Sweeny, Tex.*, 554 F.2d 1353, 1359 (5th Cir.), cert. denied, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). In exercising its discretion the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). All of this leads us to the difficult task of "assur[ing] a party a fair opportunity to present his claims and defenses," while at the same time protecting a "busy district court [from being] imposed upon by the presentation of theories seriatim." *Freeman v. Continental Gin Company*, 381 F.2d 459, 469 (5th Cir. 1967). At some point in time delay on the part of a plaintiff can be procedurally fatal. In that situation the plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect," *Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945), a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists. The instant case admittedly presents a difficult question as to whether leave to amend should have been granted. However, we are not prepared to say that the denial by the district court constituted an abuse of its discretion. In *Freeman* we concluded that there was no abuse in the disallowance of an amendment to the pleadings offered after summary judgment had been granted. The differences in the request and timing in *Freeman* and in the case at bar are not significant enough to mandate a different result. The rationale of the holding in *Freeman* that there was no abuse of discretion in refusing to allow an amendment changing the theory of the case after a summary judgment was granted applies to the case *sub judice*.

After denying the motion as untimely, the district court went on to discuss the inadequacy of the asserted state law claims. We do not address that alternate issue and express no opinion on the state law claims. We affirm the denial of the leave to amend on the ground of untimeliness, thus rendering moot the question of the validity *vel non* of the state law claims.

## D. *Dismissal of United States and FDIC*

Even if proper plaintiffs were before the court, the district judge correctly dismissed all claims against the FDIC and the United States. We consider it appropriate to address those questions. The action seeks monetary damages from the United States and the FDIC under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* Plaintiffs also seek injunctive relief against the FDIC.

### 1. *The United States*

Absent a waiver of immunity the United States is immune from suit in tort. Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted. The controlling provision is 28 U.S.C. § 2675 which reads in pertinent part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section. [Emphasis added.]

The requirement of exhaustion of administrative review is a jurisdictional requisite to

the filing of an action under the FTCA. *See Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). Because it is a jurisdictional prerequisite, the filing of a claim in this case with the FDIC cannot be waived. *See Provancial v. United States*, 454 F.2d 72 (8th Cir. 1972); *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9th Cir. 1970). Although appellants have filed an administrative claim for relief against the FDIC as required by the FTCA, they concede they did not await the required six month period prior to bringing this action, nor was there the required formal denial. Lacking jurisdiction, the district court was required to dismiss the suit against the United States. *Sparks v. Wyeth Laboratories, Inc.*, 431 F.Supp. 411 (W.D.Okl.1977). Appellants argue that the six month requirement is now meaningless because the period has already run. We cannot accept this proposition. Waivers of sovereign immunity must be strictly construed.[1] Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed.

■ Further, to allow the district court to stay or hold in abeyance[2] the damage claim against the FDIC until the six month period accrues would tend to increase the congestion in our already heavily burdened district courts. Instead of promoting congressional intent in enacting 28 U.S.C. § 2675[3] by "making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States," S.Rep.No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 2515, 2516, appellants' theory would spur unnecessary litigation and slow down the process. The district court correctly dismissed all claims against the United States.

## 2. The FDIC

■ Appellants seek relief from the FDIC in the form of money damages and an injunction. The claim for money damages is clearly inappropriate. Appellants' reasoning that the "sue and be sued" clause of 12 U.S.C. § 1819 confers jurisdiction over the FDIC has been previously characterized as fallacious. *Safeway Portland E.F.C.U. v. Federal Dep. Ins. Corp.*, 506 F.2d 1213 (9th Cir. 1974). This conclusion is obvious from a simple reading of two statutory provisions. Section 1346(b) of Title 28 provides that in civil actions for money damages against the United States "for injury ... caused by the neglect or wrongful act or omission of any employee of the Government," exclusive jurisdiction will be vested in the district courts. Furthermore, 28 U.S.C. § 2679(a) provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

Appellants have no other legitimate basis for jurisdiction over the money damages claim against the FDIC.

■ Appellants' second request, on the other hand, one for injunctive relief against the FDIC, is not precluded merely because joined with an improper claim for money damages. *See Hill v. United States*, 571 F.2d 1098 (9th Cir. 1978). Before the court

---

**1.** In *Childers v. United States*, 316 F.Supp. 539, 542 (S.D.Tex.1970), *aff'd*, 442 F.2d 1299 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971), the court stated:

> Where, as in the Tort Claims Act, a sovereign waives its immunity, and by statute creates a cause of action and consents to be sued upon it, suits filed thereunder must be filed in exact compliance with the terms of consent....

**2.** When faced with a request to hold the cause of action in abeyance pending prosecution of the administrative remedy, the court in *Fuller*

*v. Daniel*, 438 F.Supp. 928, 930 (N.D.Ala.1977), held:

> Since it appears that the Court lacks jurisdiction, the action must be dismissed immediately. The Court cannot hold the matter in abeyance pending prosecution of the administrative remedy, because where the Court does not have jurisdiction, it cannot retain jurisdiction.

**3.** A recent, comprehensive review of the legislative history of this statute can be found in *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980).

can consider injunctive relief, however, that which is to be enjoined must be demonstrated. Appellants complain of the transfer of the assets of the First Bank of Macon. At the time the complaint was filed this matter was completed. There was nothing to enjoin. The district court correctly dismissed all claims against the FDIC.

### Conclusion

We find no error in the district court's dismissal of all individual stockholder plaintiffs and in its dismissal of the First Bank of Macon as a plaintiff. Nor do we find error in the court's dismissal of all claims against the United States and the FDIC. Finally we find no abuse of discretion in the district court's declining to exercise pendent jurisdiction over state law claims and in its refusing leave to plaintiffs to amend the pleadings to assert a new cause of action and to realign the parties. On these bases we AFFIRM.