John V. SANTOPADRE, Sr., Individually, dba Avenue Plaza Apartments Company and Lorraine Aucoin Santopadre,

v.

PELICAN HOMESTEAD AND SAVINGS ASSOCIATION.

Civ. A. No. 89–4340.

United States District Court,
E.D. Louisiana.

Aug. 9, 1990.

---

Winthrop G. Gardner, New Orleans, La., for plaintiffs.

Jack Anthony Ricci, Robert John Skinner, Judy Lynn Burnthorn, Daryl George Glorioso, Baldwin & Haspel, New Orleans, La., for defendant.

## AMENDED ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the cross-motions of plaintiffs and defendant. The motions, set for hearing on August 1, 1990, were taken on briefs without oral argument.

Plaintiffs' complaint is based on the actions of Gulf Federal Savings Bank ("GFSB") during the period 1982 to 1986. During this time period, GFSB and plaintiffs, John V. Santopadre Sr. and Lorraine Aucoin Santopadre, entered into a settlement agreement concerning the loans on the Avenue Plaza complex. In November 1986, GFSB was placed in receivership and the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed as Receiver. On that same date, the Receiver entered into an acquisition agreement whereby Gulf Federal Savings and Loan Association ("GFSL") acquired certain assets and liabilities of GFSB from FSLIC. In 1987, GFSL merged into the instant defendant Pelican Homestead & Savings Association ("Pelican").

Plaintiff alleges that defendant is liable for any breach in the settlement agreement because in its acquisition of GFSB, GFSL assumed all of the liabilities of GFSB. Subsequent to the acquisition, Pelican merged with GFSL and assumed all the liabilities of GFSL.

The Court finds that neither GFSL, nor Pelican, nor FSLIC in its corporate capacity are successors-in-interest to GFSB, the closed association. The purchase and assumption of GFSB, was nothing more than a form of liquidation.[1] With the closure of GFSB and the appointment of FSLIC as receiver thereof, plaintiffs' alleged causes of action ceased to exist except against the FSLIC as Receiver.[2] The acquisition agreement between FSLIC as Receiver, and GFSL does not envision GFSL assuming any unknown contingent, unliquidated claims which a party might bring against GFSB after the effective date of the acquisition. Although GFSL did acquire liabilities from GFSB, this Court finds that unliquidated claims are not among those types of liabilities assumed by GFSL. GFSL did assume the deposit liabilities, but not any undisclosed or unliquidated claims.[3]

The Court finds that all contingent unliquidated claims remained with FSLIC as Receiver. GFSL merely purchased certain assets from the FSLIC as Receiver subsequent to GFSB's failure. Any claim that plaintiffs have against GFSB must be brought against GFSB's successor-in-interest, the FSLIC as Receiver.[4] Similarly,

---

**1.** *Washington Federal Savings and Loan Ass'n v. Federal Home Loan Bank Board,* 526 F.Supp. 343, 396 (N.D.Ohio 1981).

**2.** Federal jurisprudence has established that the FDIC is not liable for unliquidated claims against a former bank. *In re F. & T. Contractors, Inc.,* 718 F.2d 171 (6th Cir.1983). The FDIC is merely an insurer and is not liable for unliquidated claims against a failed bank. *Gregory v. Mitchell,* 634 F.2d 199 (5th Cir.1981).

**3.** Contingent, unliquidated claims are not considered liabilities assumed by an acquiring association. The reason is so that the FSLIC, in closing and liquidating a failed association through a purchase and assumption, can rely upon the books and records of the failed association in determining its net worth. If the FSLIC had to consider and value contingent unliquidated claims that were not on the books

of the closed association, then the FSLIC could not quickly value an association for determining insolvency or the cost of liquidation. This would impede the ability to arrange for purchase and assumptions.

**4.** The Court, nevertheless, is of the opinion that any claim brought by plaintiffs against FSLIC as Receiver will be barred by the *D'Oench Duhme* doctrine. *D'Oench, Duhme, & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). *D'Oench* held that an obligor who lent himself to an arrangement which was likely to mislead bank examiners may not assert against the FDIC any part of the agreement which might diminish the value of his written loan obligation. "The *D'Oench* doctrine now applies even when the borrower does not intend to deceive banking authorities." ... "Similarly, the underlying transaction need not be fraudulent for *D'Oench,*

Pelican must also file suit against FSLIC as Receiver for recovery for any alleged violation of fiduciary duties by plaintiffs under the settlement agreement as set out in defendant's counterclaim. GFSL, and subsequently Pelican, were both aware that GFSB had agreed to pay John V. Santopadre, Sr. a stipulated salary of $104,-000 over a one-year period and cancel various notes executed in connection with Avenue Plaza loans as part of the 1986 settlement agreement. In summary, Pelican cannot maintain that plaintiffs' claims (based upon *inter alia* Mmahat's actions) are unenforceable, but the settlement agreement (relinquishing ownership in the property) should be enforced, while at the same time contending that Pelican is not responsible for its obligations to Santopadre (payment of a management fee) under the same settlement agreement.

IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED dismissing plaintiffs' claims and enforcing the settlement agreements of May 22, 1986 and July 3, 1986.

By reason of this Court's Minute Entry, plaintiffs have no claim and the Court HEREBY ORDERS both the Recorder of Mortgages and the Registrar of Conveyances for the Parish of Orleans to make mention in the records of their offices of the within order CANCELLING THE LIS PENDENS filed with the Recorder of Mortgages as Instrument No. 3007 and with the Registrar of Conveyances in COB 817, folio 236 on October 19, 1987 in connection with the matter entitled "Lorraine Aucoin, wife of/and John V. Santopadre, Sr. versus Gulf Federal Savings Bank et als," No. 86–18600 of the Civil District Court for the Parish of Orleans, State of Louisiana.

IT IS FURTHER ORDERED that defendant's motion for sanctions is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to extend deadlines and defendant's motion in limine are rendered moot. The Clerk of Court is hereby directed to enter final judgment dismissing plaintiffs'

complaint with prejudice in accordance with this Order.

*Duhme* to defeat the borrower's claims." *Beighley v. FDIC,* 868 F.2d 776, 784 (5th Cir.1989),

*citing Taylor Trust v. Security Fed. Saving & Loan Assoc.,* 844 F.2d 337, 342 (6th Cir.1988).