Peter W.G. McNEILY, Liquidator for Independent American Participating Income Fund, L.P., Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 3–88–1853–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 29, 1992.

John B. Tolle, pro se.

Richard Gibbons Elliott, Jr., Nina Ann Pala, Robert J. Kriner, Stephen E. Herrmann, Richards Layton & Finger, P.A., Wilmington, DE, Sarah L. Scharnberg, Cohan Simpson Cowlishaw Aranza & Wulff, Dallas, TX, for Peter W.G. McNeily.

Larry Miller Lesh, John Patrick McDonald, Locke Purnell Rain Harrell, Orrin Lea Harrison, III, David Paul Blanke, Vinson & Elkins, Dallas, TX, for Robert Russell, Thomas C. Gragg and Resolution Trust Corp.

Shannon Michael Sanders, Michael H. Gentry, West Adams Webb & Allbritton, Bryan, TX, Bobbi Ann Kiese, Donald A. Wall, Colleen Bombardier, Squire Sanders & Dempsey, Phoenix, AZ, Thomas Holzman, F.D.I.C., Washington, DC, for F.D.I.C.

David Duke, Law Office of David Duke & Assoc., PC, Arlington, TX, for Arthur L. Westcot.

Richard H. Crowe, Jr., pro se.

Abbe David Lowell, Elizabeth C. Brooks, Sue Ellen Russell, Brand & Lowell, P.C., Washington, DC, Robert M. Greenberg, Law Office of Robert Greenberg, Dallas, TX, for Jack R. Gaubert.

Rebecca A. Gregory, U.S. Atty's Office, Dept. of Justice, Dallas, TX, Stuart M. Gerson, U.S. Dept. of Justice, Civ. Div., Paul Boudreaux, Jerome A. Madden, U.S. Dept. of Justice, Civ. Div. Torts Branch, Washington, DC, for U.S.

James Hamilton, Olwine Connelly Chase O'Donnell & Weyher, Washington, DC, for movant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are the Federal Deposit Insurance Corporation as Manager of the Federal Savings and Loan Insurance Corporation ("FSLIC") Resolution Fund's ("FDIC as Manager" or "FDIC") Motion to Dismiss, or in the alternative, for Summary Judgment and supporting documents, filed November 26, 1991; Plaintiff's Brief in Opposition to the FDIC's Motion, filed January 27, 1992; the FDIC's Reply, filed February 14, 1992; and a Letter from FDIC, dated April 14, 1992, informing the Court of supplemental authority published subsequent to its Motion.

### I. *Factual Summary*

Plaintiff, Peter W.G. McNeily, is the liquidator for Independent American Participating Income Fund (the "Income Fund"). This suit is brought against a number of parties in connection with the failure of Independent Savings Association (the "Association"). Plaintiff alleges losses to the Income Fund arising out of a number of loans in which it participated as a result of and subsequent to the Association's failure.

Plaintiff alleges that in January of 1985, the Association caused its wholly owned subsidiary, Independent American Real Estate, Inc. ("Real Estate"), to form the Income Fund to participate in first and second mortgage loans, and other real estate loans. Plaintiff further alleges that the Association caused Real Estate to form the Income Fund as a part of a scheme to provide itself with a ready source of funds to enable it to sustain its bad loans.

The Association was placed in receivership under FSLIC on May 20, 1987, and partially succeeded by a "new" Association. The new Association itself went into FSLIC receivership on August 19, 1988. The FDIC is the statutory successor to FSLIC.

The Plaintiff claims that subsequent to March of 1986, the Federal Home Loan Bank–Dallas ("FHLB–Dallas") and FDIC progressively established *de facto* control over the operations of the Association, and were negligent in the performance of their duties under the Partnership, Mortgage Services and Loan Participation agreements (collectively "Agreements"). These agreements were entered into between the Association, Real Estate and the Income Fund; neither FSLIC nor the FDIC as Manager was a party to, or successor in interest to any party to these agreements.

Plaintiff has sued the FDIC as Manager as a Defendant in 27 counts of his Fifth Amend-

ed· Complaint. While these counts involve tort, contract and statutory claims, they are all predicated on the same alleged facts of tortious conduct amounting to the regulator's gross negligence in the day to day control of the operations of the Association. FDIC as Manager is statutory successor to FSLIC in its Corporate capacity ("FSLIC Corporate"), and stands in the stead of FSLIC Corporate as party-defendant.

## II. *Parties' Contentions*

Pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and 12(b)(6), FDIC moves for dismissal of all tort claims alleged in the Complaint on grounds of lack of subject matter jurisdiction and failure to state a claim. FDIC argues that an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, can only be maintained against the United States and not its agencies. FDIC further argues that even if such action could be maintained, the discretionary function exception of FTCA precludes liability on the alleged tort claims. Alternatively, FDIC moves for summary judgment on all causes of action which might be classified as non-tort claims.

Plaintiff acknowledges that the FTCA is the sole remedy for certain tort claims and that such claims can only be asserted against the United States. However, Plaintiff opposes FDIC's motion on the grounds that the alleged torts fall outside the ambit of FTCA and thus are maintainable against the FDIC, pursuant to its individual waiver of immunity.

## III. *Analysis*

■■■ The United States is immune from suit unless it waives its sovereign immunity and consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). The sovereign immunity of the United States extends to its agencies. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 n. 6 (9th Cir.1985). The FDIC is a federal agency subject to sovereign immunity unless such immunity is expressly waived. 12 U.S.C. § 1819(b)(1); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir.1981).

Congress had provided for a "sue-and-be-sued" clause in the legislation creating the FSLIC. 12 U.S.C. § 1725(c)(4), *repealed by* Pub.L. 101–73, Title IV, § 407, Aug. 9, 1989, 103 Stat. 363. The FDIC is similarly subject to a sue-and-be-sued clause. 12 U.S.C. § 1819(a). The sue-and-be-sued language has been construed as a general waiver of sovereign immunity. *Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 542–43 (9th Cir.1987).

With passage of FTCA, however, Congress aimed to limit the waiver of sovereign immunity previously provided for in the sue-and-be-sued clauses of federal agencies for tort claims "cognizable" under FTCA:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a); *see also Loeffler v. Frank*, 486 U.S. 549, 562, 108 S.Ct. 1965, 1973, 100 L.Ed.2d 549 (1987).

■■ For torts cognizable under FTCA, Congress has provided a waiver of sovereign immunity only as to the United States. *First Nat'l Bank in Brookings v. United States*, 829 F.2d 697, 700 (8th Cir.1987). Torts cognizable under FTCA are defined as any,

> *negligent or wrongful act or omission* of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added).

Thus the inquiry before the Court is whether the claims asserted against the FDIC as Manager are cognizable tort claims under FTCA; or whether, as the Plaintiff asserts, the claims fall outside the ambit of the FTCA, and within the individual agency's waiver of sovereignty.[1]

---

1. For the purposes of this inquiry, it is not dispositive that some of Plaintiff's claims arise in tort, others in contract and statutory law; as already mentioned, the predicate for all these claims is the same alleged tortious conduct. Pursuant to Section 1346(b), "negligent or

In reliance on *Meyer v. Fidelity Sav.*, 944 F.2d 562, 567–68 (9th Cir.1991), Plaintiff argues that "constitutional torts", torts for which state law would not impose liability on a private person, are not encompassed by FTCA. It further follows, Plaintiff argues, that FDIC's authority to control the day to day management and operations of a failing financial institution, prior to placing that institution in receivership, are not encompassed by FTCA because no private person could possibly exercise such control under the laws of any state[2].

Plaintiff's argument fails for two reasons. First, the term "constitutional tort" as construed in *Meyer*[3] involves only torts implicating the federal Constitution, and thus does not encompass the claims alleged by Plaintiff against the FDIC in the instant case. In its Fifth Amended Complaint, Plaintiff has not pled any claims against the FDIC alleging violation of the federal Constitution[4]: As a result, this Court does not reach the question whether exclusion of "constitutional torts" is mandated by FTCA, specifically Section 1346(b)[5].

Second, the recent Supreme Court ruling of *United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) clearly brings the regulatory conduct at issue in this case—control of the day to day management and operations of a failed financial institution—within the ambit of FTCA.

The Supreme Court in *Gaubert* held that pursuant to the discretionary function exception[6] of the FTCA, the United States is not liable for discretionary decisions made by the federal financial agencies in their handling and supervising of thrift institutions.[7] In the March 3, 1992 Order ("Order") dismissing the United States as a defendant, this Court found considerable similarity between the regulatory conduct at issue in Plaintiff's claims against the United States and the conduct found to be discretionary in *Gaubert*. Order at 421 n. 2. The regulatory conduct in *Gaubert* similarly related to FHLB–Dallas's involvement with the Association.

---

wrongful act or omission," and not the particular facial appearance of a claim, is the basis of a tort cognizable under FTCA. *See Gregory*, 634 F.2d at 204 (claim for money damages against FDIC based on tortious conduct is precluded by Section 2679(a)). To this extent, all of Plaintiff's 27 claims against the FDIC as manager sound in tort.

2. Plaintiff also relies on *Woodbridge, supra*, to argue that tortious actions a private person cannot perform fall outside the reach of FTCA. *Woodbridge*, however, is inapposite to the instant case in that it did not involve actions sounding in tort. 815 F.2d at 543.

3. The court in *Meyer* held that an employee's suit against FSLIC predicated on tortious deprivation of Fifth Amendment due process, was not cognizable under FTCA as a "constitutional tort", and thus, could be brought against FSLIC pursuant to its sue-and-be-sued clause. In so holding, *Meyer* acknowledged that,

"Constitutional torts" is a convenient catchphrase, but like all catch-phrases, neither particularly accurate, nor particularly helpful. 944 F.2d at 572 n. 17.

To this end, Plaintiff's reading of *Meyer* to exempt from FTCA as "constitutional torts" all acts that a private person can not independently perform under state law is too broad. *See infra* note 7. This Court limits the term "constitutional tort" to the facts that exist in *Meyer* and involve alleged violations of the federal Constitution.

4. Plaintiff's allusion in its Opposition Brief to the argument that the FDIC's conduct constituted an unlawful taking in violation of the Fifth Amendment rights of the Income Fund finds no support in his previous pleadings.

5. The Court merely notes in this regard that at least one other case has refused to accord a distinct treatment to constitutional torts under the FTCA framework. *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir.1989).

6. The discretionary function exception is one of the many exceptions limiting the liability of the United States under FTCA. 28 U.S.C. § 2680(a).

7. The decision in *Gaubert* is premised on the discretionary function exception under Section 2680, and does not explicitly reach the scope of cognizable tort claims under Section 1346(b). However, *Gaubert* has implications for the reading of Section 1346(b) and particularly the language therein referencing actions for which a private person would be liable under state law. Plaintiff's most strict reading of this language is not tenable in view of the fact that the regulatory actions analyzed in *Gaubert* under the FTCA framework were clearly not acts a private person could independently perform under state law. Similarly, in determining what conduct is cognizable under FTCA, this Court can not merely adhere to a distinction between what a private person can or cannot do.

■ Plaintiff's claims against the FDIC as Manager involve the same regulatory conduct alleged against the United States in the instant case; and are substantially the same as the claims subject to the discretionary function exception of the FTCA in *Gaubert*. Clearly, these counts fall within the ambit of the FTCA, and are thus tort claims from which the FDIC is fully shielded by sovereign immunity pursuant to Section 2679(a). *See Meyer*, 944 F.2d at 567 (claims embraced by the exceptions of Section 2680 are cognizable).

There exist additional grounds to dismiss the claims asserted against the FDIC which are predicated on tortious conduct but arise in contract or in statute. These claims include alleged violation of RICO and of the Securities laws, and breach of fiduciary duty and of contract.[8]

■ The FDIC as Manager may not be sued under RICO. *U.S. v. Bonanno Org. Crime Fam. of La Cosa Nostra*, 879 F.2d 20, 23 (2nd Cir.1989); *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1249 (10th Cir.1989); *Ungaro v. Desert Palace, Inc.*, 1989 WL 199264, * 7, 1989 U.S.Dist. LEXIS 15011, *17–18 (D.Nev.1989). The cases cited by Plaintiff hold that RICO claims may be maintained against the FDIC when it is acting as a receiver, *In re Southern Industrial Banking Corp.*, 872 F.2d 1257 (6th Cir.1989); *Vernon v. Resolution Trust Corp.*, 907 F.2d 1101 (11th Cir.1990), and thus are inapposite to the FDIC as Manager.

■ The FDIC as Manager may not be sued for violation of the federal securities laws. This Court has already held in this case that the federal securities laws governing the disclosure of material information is binding only on private entities issuing securities and not the government. *See* Order at 421.

■ The FDIC as Manager may not be sued for breach of fiduciary duties in its handling and supervision of the Association. This Court has already held in this case that supervision of a federal financial institution, such as the Association, does not impose a duty on the government to act in a manner that benefits a particular private party, such as the Income Fund. *See* Order at 421–22.

■ The FDIC as Manager may not be sued for an action on contract whether for breach, rescission, or declaratory judgment. Plaintiff concedes that the FDIC was neither a party to nor a successor in interest to the various agreements entered into by the Association; and thus, his contractual claims are not based on an express assumption of liability.[9] Plaintiff, instead, bases his contract claims on an "implied" assumption of such liability by the FDIC prior to placing the Association into receivership.

In support of its argument, the Plaintiff relies on *Boss v. Bassett Industries of North Carolina, Inc.*, 163 Ga.App. 246, 292 S.E.2d 885 (1982) to argue that the FDIC may assume the contractual obligations of a failing thrift by "implication where [its] conduct manifests an intent to be bound." However, Plaintiff, as the party opposing summary judgment, has the burden of proof and must point out specific facts in support of its allegation that the FDIC had an intent to fully assume the Association's contractual obligations. *Castillo v. Bowles*, 687 F.Supp. 277, 280 (N.D.Tex.1988), *cert. denied*, 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989). Absent such a showing, FDIC's involvement with the day to day operations of that institution are deemed part and parcel of the "normal regulatory activity", *Gaubert*, 499 U.S. at 332, 111 S.Ct. at 1278, and not indicative of any specific intent to assume contractual obligations of the failing thrift. Plaintiff has failed to make such a showing.

---

8. In its Complaint, Plaintiff also alleges violation of the Texas Uniform Fraudulent Transfer Act (Count XXX) against the FDIC as Manager. However, in its Opposition Brief, Plaintiff agrees that this Count should be dismissed as to FDIC as Manager. *Gulley v. Sunbelt Savings, FSB*, 902 F.2d 348, 349–50 (5th Cir.1990).

9. Plaintiff's present concession stands in stark contrast to its original pleadings in that the FDIC as manager is sued *only* in its capacity as successor in interest to the assets and liabilities of the Association. Complaint, ¶ 25. This fact alone is sufficient to defeat Plaintiff's contractual claims.

In sum, the Court lacks subject matter jurisdiction over the claims asserted against the FDIC as Manager. In addition, such claims can not be maintained against the FDIC as Manager as a matter of law.

### IV. *Conclusion*

For the foregoing reasons, Defendant the FDIC as Manager's Motion to Dismiss or in the alternative for Summary Judgment, is **GRANTED.** Plaintiff's Complaint is **DISMISSED** as to Defendant the FDIC.

SO ORDERED.