**FEDERAL DEPOSIT INSURANCE CORPORATION, In Its Corporate Capacity, Plaintiff,**

v.

**Joe WALKER, Defendant.**

No. 4:90–CV–765–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

March 18, 1993.

Richard Ernest Anderson, Legal Div., Dallas, TX, Ronald Wayne Lyon, McGowen & Lyon, Sherman, TX, for Federal Deposit Insurance Corporation, in its Corporate Capacity.

Donald C. Driver, Law Office of Don Driver, Fort Worth, TX, for Joe Walker.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the motions of plaintiff, Federal Deposit Insurance Corporation, in its corporate capacity, to dismiss the counterclaim of defendant, Joe Walker, and to cancel *lis pendens*. The court, having considered the motions, the responses, the record and applicable authorities, finds that the motions should be granted as set forth herein.

The sequence of events giving rise to this action, when construed in the light most favorable to defendant, is as follows: In or about May of 1989, defendant entered into an agreement with Everman National Bank of Fort Worth ("Everman") to purchase certain real property located in Tarrant County, Texas ("property"). As part of the agreement, Everman required that defendant make certain repairs and improvements to a building located on the property and loaned him $15,000 to accomplish the work. On March 30, 1990, Everman was declared insolvent and FDIC was appointed its receiver. FDIC as receiver transferred to plaintiff the property the subject of this action. Plaintiff refused to convey the property to defendant pursuant to defendant's agreement with Everman and, in fact, converted defendant's personal property located in the building on the property.

On June 20, 1990, defendant's attorney sent a letter to FDIC as receiver in which he set forth the terms of defendant's agreement with Everman and made demand for reimbursement for losses suffered by defendant. On or about July 20, 1990, defendant filed a notice of *lis pendens*,[1] providing in pertinent part:

NOTICE IS HEREBY GIVEN that a claim against EVERMAN NATIONAL BANK and the FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC") was commenced on _____, 1990, and is now pending.

The claim seeks to establish a right to enforce an encumbrance against [the property].

The claim is for a breach of agreement, whereby EVERMAN NATIONAL BANK and the FDIC promised to sell the property to [defendant]; in addition, the claim is for valuable improvements that [defendant] made to the real property, among other things.

On or about September 25, 1990, plaintiff made demand that defendant release the notice of lis pendens and, after defendant refused to do so, on October 9, 1990, plaintiff filed this action to set aside the notice of lis pendens. On December 21, 1990, defendant filed his answer and counterclaim, asserting causes of action for breach of contract, fraud, conversion, misrepresentation and unjust enrichment. On February 14, 1991, FDIC as receiver sent its notice of rejection of defendant's claim.

■ Plaintiff first asserts that it cannot be held liable for claims arising out of the action or inaction of Everman. *See, e.g., Trigo v. FDIC*, 847 F.2d 1499, 1502–03 (11th Cir. 1988); *FDIC v. Cuvrell (In re F & T Contractors, Inc.)*, 718 F.2d 171, 180 (6th Cir.

---

1. The notice of *lis pendens* was wrongfully filed, as there was not at the time of filing an action pending involving title or establishment of an interest in the property. Tex.Prop.Code Ann. § 12.007 (Vernon 1984); *Kropp v. Prather*, 526 S.W.2d 283, 287 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.).

1983). Defendant does not disagree. Instead, he argues that his claims are really against plaintiff and not Everman. To the extent that certain claims, *e.g.*, the claim for personal injury arising from the negligence of Everman, are asserted against the failed institution, or against plaintiff as "successor" to the failed institution, *e.g.*, the claim for breach of contract,[2] those claims will be dismissed.[3]

■ Plaintiff further asserts that defendant's claims for fraud, conversion and misrepresentation must be dismissed because of defendant's failure to comply strictly with the requirements of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. Specifically, plaintiff maintains that defendant's counterclaim is asserted against the incorrect party and, moreover, that defendant failed to exhaust his administrative remedies prior to asserting his counterclaim.

■ The Federal Tort Claims Act provides the exclusive remedy for tort claims arising out of the actions of the federal government or its employees. 28 U.S.C. § 2679. Waivers of sovereign immunity are strictly construed. *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981). Thus, a claim against a federal agency or employee instead of the United States will be dismissed for want of jurisdiction. *Galvin v. OSHA,* 860 F.2d 181, 183 (5th Cir.1988). Likewise, failure to timely file an administrative claim will result in the dismissal of an action, *Gregory,* 634 F.2d at 204, unless the claim is one in recoupment, filed in response to a suit by the government. *See Frederick v. United States,* 386 F.2d 481, 488–89 (5th Cir.1967).[4]

In this case, the counterclaim in issue is not one in recoupment because it is of a different form or nature than plaintiff's claim. *Frederick,* 386 F.2d at 488. *See also United States v. Johnson,* 853 F.2d 619, 621 (8th Cir.1988); *FDIC v. Cheng,* 787 F.Supp. 625, 631–32 (N.D.Tex.1991). Therefore, the requirement of exhaustion of administrative remedies is not waived. The record does not reflect that defendant filed a claim with plaintiff. Rather, it appears that defendant filed his claim with FDIC as receiver for Everman.[5] Even assuming the claim to FDIC receiver would suffice, jurisdiction must have existed at the time the counterclaim was filed. *Gregory,* 634 F.2d at 204. The record reflects, however, that defendant had not yet received a response to his administrative claim at the time he filed his counterclaim in December 1990. The rejection notice was not sent until February 14, 1991. Thus, the counterclaim was premature.[6]

2. Defendant does not allege that he had any contract with plaintiff for conveyance of the property. Rather, he seems to be asserting that plaintiff stepped into Everman's shoes.

3. These do not include claims asserted against plaintiff itself, even though, for other reasons, plaintiff may not be liable on them. As pleaded, the allegations made against plaintiff are sufficient to state claims upon which relief could be granted.

4. According to the Fifth Circuit:

[W]hen the sovereign sues it waives immunity as to claims of the defendant which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims; but the sovereign does not waive immunity as to claims which do not meet the "same transaction or occurrence test" nor to

claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount that sought by it as plaintiff.... This ties in with the distinction made in Rule 13 itself. As defined in 13(c), a counterclaim may diminish or defeat the recovery sought by the opposite party—this far the government's waiver goes. It may also, but need not, "claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party." The government does not go so far as to waive its immunity to this kind of claim.

*Frederick,* 386 F.2d at 488 (footnotes and citations omitted).

5. The notice would appear to be valid as it recites facts incident to and the amount of the claim arising as a result of Everman's acts or omissions. *See Montoya v. United States,* 841 F.2d 102, 105 (5th Cir.1988).

6. The fact that defendant ultimately received a rejection notice is of no consequence. Jurisdiction must exist when an action is filed and an action cannot be held in abeyance while administrative remedies are pursued. *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981).

And, because jurisdiction did not exist when the counterclaim was filed, defendant's tort claims must be dismissed.

■ Plaintiff's motion does not address defendant's unjust enrichment claim. The court nevertheless finds that such claim must be dismissed.[7] The court is not aware of any authority, and the parties have cited none, that would support a waiver of sovereign immunity to allow the assertion of a claim for unjust enrichment. *Cf. Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) (holding that district court lacked jurisdiction over action for equitable relief).

■ The court next considers the motion to cancel *lis pendens*. As plaintiff notes, a *lis pendens* is the functional equivalent of an involuntary lien as it acts as a cloud on title. *See, e.g., Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir.1972); *Black v. Burd*, 255 S.W.2d 553, 555 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.). Section 1825(b)(2) provides:

> No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attached to the property of the Corporation.

12 U.S.C. § 1825(b)(2). The appropriate remedy for a violation of § 1825(b)(2) is an order effectively canceling such violation. *United States v. Taylor*, 881 F.2d 207 (5th Cir.1989), *cert. denied*, 493 U.S. 1072, 110 S.Ct. 1118, 107 L.Ed.2d 1025 (1990).[8]

The court ORDERS that plaintiff's motion to dismiss be, and is hereby, granted and that defendant's counterclaim be, and is hereby, dismissed. The court further ORDERS that plaintiff's motion to cancel *lis pendens* be, and is hereby, granted and that defendant file by 4:30 p.m. on March 19, 1993, in the Real Property records of Tarrant County, Texas, a release of *lis pendens* as to the property the subject of this action. The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the claims disposed of in this paragraph.

The only claims that remain pending are those of plaintiff for actual damages, pre-judgment interest, exemplary damages and attorney's fees. So that the court can schedule further proceedings with regard to this matter,

The court ORDERS that, by 4:30 p.m. on March 23, 1993, plaintiff notify the court, by appropriate written filing with the clerk, whether it wishes to proceed with regard to its monetary claims. If plaintiff does not wish to pursue such claims, the court will entertain a motion to dismiss them without prejudice.

---

**7.** The court may *sua sponte* examine its own jurisdiction over defendant's claims.

**8.** Defendant's argument that he, and not plaintiff, is the owner of the property does not merit discussion. This allegation is contrary to the position taken by defendant in his pleadings. In any event, defendant's claims to the property are barred by *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and 12 U.S.C. § 1823(e). Defendant's deposition testimony shows that he had only an oral agreement for purchase of the property.