In re Lynn Thomas THORNBURG,
Jr., Debtor.

Lynn Thomas Thornburg, Jr., Plaintiff,

v.

Fredye Long Lynch, Defendant.

Bankruptcy No. 97–50636.
Adversary No. 00–5103.

United States Bankruptcy Court,
E.D. Texas,
Texarkana Division.

March 12, 2002.

Rick C. Shumaker, Texarkana, TX, for Debtor.

Phillip N. Cockrell, Patton, Haltom, Roberts, McWilliams & Greer LLP, Texarkana, TX, for Fredye Lynch.

## MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court is the Motion For Contempt, Sanctions And Attorney Fees And To Declare Judgment Lien Void ("Motion") filed by Lynn Thomas Thornburg ("Debtor"). The Court considered the pleadings filed, the evidence adduced, the arguments of counsel and the record in this case. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties, Lynn Thomas Thornburg, Jr., and his former wife, Fredye Long Lynch a/k/a Fredye Mac Long ("Lynch"), were divorced November 9, 1995, in Bowie County, Texas. This matter is a continuation of the bitter protracted divorce and bankruptcy dispute between the Debtor and Lynch.[1] The Debtor filed his petition

---

1. Previously this Court heard and adjudicated several disputes including controversy leading up to the confirmation of Debtor's Chapter 13 Plan and a controversy over the classification of an $85,000.00 claim which Debtor scheduled in his schedules as an unsecured debt. Pursuant to an agreement worked out by the parties during that litigation, an agreed judgment was entered which recognized that the $85,000.00 claim was not a claim in the bankruptcy but was Fredye Long Lynch's "separate property." Lynch believed that her position as assignee of the proceeds of the trust or of the life insurance policy protected her and that her property right was secure in those items. The life insurance policy was allowed to lapse and subsequent investigation revealed that the trust contained spendthrift provisions

for relief under the Bankruptcy Code on February 27, 1997 listing Lynch as a creditor. The Debtor confirmed his Chapter 13 plan of reorganization June 23, 1998. The automatic stay was lifted on May 28, 1997 as a result of this Court's approval of an agreed order executed by both parties permitting Lynch to pursue a Motion For Enforcement in the District Court of Bowie County in connection with the state court divorce settlement agreement. On August 11, 1997, Lynch filed an Abstract of Judgment in Bowie County with respect to that certain judgment entered in post divorce enforcement proceedings. The Motion for Contempt now before the Court for consideration requests this Court to declare the Judgment entered by the District Court of Bowie County, Texas on August 11, 1997 to be in violation of 11 U.S.C. § 362 and void; to find Lynch in contempt of this Court for violation of the automatic stay under 11 U.S.C. § 362 for having abstracted the judgment and for allegedly having filed a Notice of Lis Pendens and for proceeding in the State District Court to enforce judgment; to find Lynch in contempt of this Court for her failure to remove the lien against property and, further, for the Court to enter sanctions against Lynch together with granting an award of reasonable attorneys' fees.

■ Lynch ("Defendant") filed an answer to the Motion for Contempt admitting that she filed the Abstract of Judgment in Bowie County, but denying, inter alia, that in so doing she was in violation of the automatic stay under § 362.[2] In addition, Lynch's Answer raises three affirmative defenses to the Motion: lack of subject matter jurisdiction, the law of the case doctrine[3] and claim preclusion. The matter came on to be heard pursuant to a regular setting and, after trial, was taken under advisement following time to allow for the filing of briefs.

### JURISDICTION

■ This Court has jurisdiction over the within proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(k). The Bankruptcy Court has jurisdiction to clarify and enforce its own orders in a core proceeding or to prevent abuse of process under 11 U.S.C. § 105(a).

### RES JUDICATA

■ Lynch argues that the doctrine of res judicata prevents this Court from adjudicating the instant contempt action which she avers involves the same nucleus of operative facts heard by this Court on

prohibiting the alienation of the proceeds by the beneficiary as had been attempted. As a result, there was an action to go back to the state court and ask the Court to review the agreed judgment and make a more equitable distribution of the community estate. In that matter, this Court determined that the action was not an attempt to claim any funds from the Debtor's present estate and the Court denied the Motions for Contempt and Injunctive Relief.

2. She also denied that a hearing was conducted on a Motion For Enforcement in the District Court on July 28, 1997 and an order entered with respect to same on August 11, 1997. Defendant Lynch denies several other

of the Debtor's allegations, including that she caused the Notice of Lis Pendens to be filed in Bowie County to create a judicial lien on property of the estate. Lynch also denies that on August 27, 1999, she filed a Petition for Clarification of Agreed Decree of Divorce & Declaratory Judgment containing allegations of fraud and seeking judgment against the Debtor.

3. Lynch pleads "law of the case" as an affirmative defense. It is not an affirmative defense *per se*, although it may be included under the "wild card" clause: "and any other matter constituting an avoidance or affirmative defense." *See, Fed.R.Civ. Pro. 8(c)*.

May 30, 2000 on her Motion To Dismiss and the Debtor's Amended Motion For Contempt filed on April 18, 2000.[4] The well settled elements necessary for application of the doctrine of *res judicata* are: "[T]he parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983) (en banc). The first two and the last elements apply here. Moreover, Lynch accurately notes that the Debtor's Motion For Contempt included argument that Lynch had violated the "bankruptcy code" by filing the Abstract of Judgment "and by failure to obtain a lift from the Automatic Stay". However, the Court's bench ruling on the hearing clarified that "the automatic stay was lifted for a very specific purpose" and that the general automatic stay in connection with the bankruptcy remained in effect. The Court examined whether that stay applied to the actions complained of by Mr. Thornburg and, in particular whether it prohibited Lynch from proceeding against the Debtor in the Court in Bowie County. The issue was presented to the Court by the parties as whether the state court should be allowed to reopen the divorce proceeding and revisit the fairness of the property division in light of Lynch's claims of fraud. The Court ruled that it did not prevent further action in the Court in Bowie County and it denied the motion for contempt. The Court issued a written opinion shortly thereafter to supplement oral reasons for the judgment recited into the record. Neither ruling adjudicated the issue of whether the filing of the Abstract of Judgment constituted a violation of the automatic stay under 11 U.S.C. § 362. Neither ruling addressed whether the filing of the notice of lis pendens constituted a violation of the automatic stay under 11 U.S.C. § 362. Therefore, *res judicata* does not prevent this Court from determining whether such acts constituted violations, rather the Court may hereby supplement its prior ruling.

## LAW OF THE CASE

■■ The "law of the case doctrine" is defined as that principle under which the initial determination of questions of law will be held to govern the case throughout its subsequent stages. *Justice Bail Bonds v. Samaniego*, 68 S.W.3d 811 (Tex.App.-El Paso 2001) citing to *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex.1978). The doctrine is intended to achieve uniformity of decision, judicial economy, and efficiency. *Justice Bail Bonds v. Samaniego*, 68 S.W.3d 811 (Tex.App.-El Paso 2001) citing to *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). As such, law of the case doctrine does not preclude adjudication of the matters before the Court, ·it merely governs and informs such adjudication.

## DISCUSSION

■■ Once a bankruptcy petition has been filed, the protections of § 362 of the Bankruptcy Code apply. Under § 362(a)(1) through (6), pertinent here:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

---

4. The Defendant's Memorandum argues that the issue was raised in other pleadings filed by the Debtor but later withdrawn. A withdrawn pleading has not been "actually litigated".

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; .......

*11 U.S.C. §§ 362(a)(1), (2), (3), (4), (5) and(6).* The automatic stay is a fundamental protection afforded by the bankruptcy laws. See *In re Stringer,* 847 F.2d 549, 551–52 (9th Cir.1988); See also H.R.REP. NO. 595, 95th Cong., 1st Sess. 340–42 (1977), reprinted in 1978 U.S.C.C.A.N. 5963 at 6296–6299; S.REP. NO. 989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787 at 5840, 6296–97. *Nissan Motor Acceptance Corp. v. Baker,* 239 B.R. 484, 488 (N.D.Tex.1999). A willful violation of the stay does not require a specific intent to violate the stay. *In re Zaber,* 223 B.R. 102, 107 (Bkrtcy.N.D.Tex.1998) citing to *In re Atlantic Business & Community Corp.,* 901 F.2d 325, 329 (3d Cir.1990); *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989). "[...] § 362(h) provides for damages upon a finding that the party knew of the automatic stay and that the party's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to property is not relevant to whether the act was "willful" or whether compensation must be awarded. Bloom, 875 F.2d at 227 (citations omitted)." *In re Zaber,* 223 B.R. at 107 *citing to In re Sharon,* 200 B.R. 181, 200 (Bkrtcy. S.D.Ohio 1996).

The relations between the parties have been so rancorous, and the parties themselves so litigious, as to have brought them before this Court—and others—innumerable times. Now before the Court is the task of determining which, if any, of the actions taken, or caused to be taken, by Lynch or her agents following this Court's May 28, 1997 ruling violated the automatic stay under 11 U.S.C. § 362, as modified and are actions for which Lynch must be held in contempt of this Court. To do so, this Court must interpret the May 28, 1997 order modifying the automatic stay. "The bankruptcy court [is] 'in the best position to interpret its own orders.'" *Texas N.W. Ry. Co. v. Atchison, Topeka and Santa Fe Ry. Co. (In re Chicago, Rock Island & Pac. R.R. Co.),* 860 F.2d 267, 272 (7th Cir.1988). *Accord Hastert v. Illinois St. Bd. of Elect. Comm'rs.,* 28 F.3d 1430, 1438 (7th Cir.1993). The First Circuit noted in Monarch [*Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973 (1st Cir.1995) ]that the bankruptcy court "was directly engaged" in the earlier proceedings and thus had the "better vantage point" to make a determination on its earli-

er order. *Monarch*, 65 F.3d at 983." *In re Tomlin*, 105 F.3d 933, 940 (4th Cir. 1997). A bankruptcy court retains jurisdiction over declaratory judgment actions requesting the bankruptcy court to construe its own order. *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326 (9th Cir.1986). Bankruptcy Court has jurisdiction to clarify and enforce its own orders under 11 U.S.C. § 105(a) and is the best court to do so. *In re United States Brass Corp.*, 255 B.R. 189, 192 (Bkrtcy.E.D.Tex.2000).

■ The specific relief sought by Lynch pursuant to her Motion for Relief from the Automatic Stay filed May 8, 1997 was to permit Lynch "to have a hearing in state court on her Motion for Enforcement" respecting the parties' final decree of divorce.[5] There was no trial on the merits of the Motion for Relief from the Automatic Stay because the parties submitted an agreed order to the Court. The Court approved the agreed order present-ed. Thereafter, the state court heard the Motion For Enforcement and entered an order, including findings, granting judgment in favor of Lynch. The narrow relief sought in the Motion for Relief From the Automatic Stay cannot be broadened retroactively by the loosely drafted language of the order which recites simply that "the automatic stay is lifted accordingly". An Agreed Order is a contract and its interpretation is governed by basic rules of contract construction. *In re Continental Airlines Corp.*, 907 F.2d 1500, 1508 n. 6 (5th Cir.1990); *Boatman v. Sullivan*, 1990 WL 146699 (N.D.Ill. Oct.1, 1990); *In re 360 Inns. Ltd.*, 76 B.R. 573, 578 (Bankr. N.D.Tex.1987) ["agreed order is in the nature of a contract and is subject to the rules of construction of contracts"]. See *In re Delaney's II, Inc.*, 1991 WL 337625, *2 (N.D.Ill.). See also, *In re El Paso Refinery, L.P.*, 244 B.R. 613, 622 (Bkrtcy. W.D.Tex.2000).[6] The terms of this con-

5. "Wherefore, Lynch prays that upon final hearing of this Motion an Order be entered relieving her from the stay permitting her to have a hearing in state court on her Motion for Enforcement, and for such other and further relief as is just and proper." *Exhibit D–D.* The relief sought in the motion for enforcement, as amended, which was attached as an exhibit to the Motion For Relief from the Automatic Stay, included a request for a judgment against the Debtor, attorneys' fees and costs, a limited modification of the Agreed Final Settlement, Release and Order, requests that Debtor be held in contempt, fined and jailed and sought that various pleadings he had filed be stricken from the record.

6. "An agreed order, like a consent decree, is in the nature of a contract, and the interpretation of its terms presents a question of contract interpretation." *Covington*, 71 F.3d at 1227. The basic principles of contract interpretation are well-established: Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement... Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions... When the terms in a contract are unambiguous, courts will not[,] in effect[,] create a new contract by finding an intent not expressed in the clear language employed by the parties. *Shifrin v. Forest City Enters., Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499, 501 (1992) (citations omitted); see also *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 574, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984)(consent decrees generally " 'must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it' or by what 'might have been written had the plaintiff established his factual claims and legal theories in litigation' ")(quoting *United States v. Armour and Co.*, 402 U.S. 673, 681–82, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971); *Lorain NAACP v. Lorain Bd. of Educ.*, 979 F.2d 1141, 1148 (6th Cir. 1992)), cert. denied, 509 U.S. 905, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993). Thus, if a contract is clear and unambiguous, its inter-

tract are unambiguous. This Court must find that the order on the motion for relief from the automatic stay granted the relief requested in the motion, no more no less: the stay was lifted to permit the hearing in State Court.[7] Lynch argues that she "thought she had relief from the stay to fully pursue her Motion for Enforcement in family law Court which included abstracting the judgment obtained thereby . . . ."; the argument wholly lacks merit.[8]

### The Abstract of Judgment

■ Under V.T.C.A., Property Code § 52.001, "Except as provided by Section 52.0011, a first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this chapter, if the judgment is not then dormant, constitutes a lien on the real property of the defendant located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing." Given that under the foregoing statute the recording of the judgment created a lien on the real property of the Debtor located in Bowie County (regardless of whether the lien was a valid one which is a separate issue under Texas homestead law), given Lynch's admission that she filed or caused to be filed, the Abstract of Judgment complained of by Debtor, the Court must conclude that Lynch violated the prohibitions of 11 U.S.C. § 362 by her "act to create, perfect, or enforce any lien against property of the estate" to the extent that there was estate property in Bowie County: which was the case.[9]

■ The Bowie County real property was "property of the estate" as that term is defined under 11 U.S.C. § 541(a)(1) on the date Lynch filed the Abstract of Judgment. Lynch's Memorandum asserts: "The only real property owned by the Debtor has consistently been claimed as exempt property under Texas homestead laws." This is not completely accurate. When the Debtor filed his Schedules and Statement of Financial Affairs on April 8, 1997, included on Schedule "C" was an entry for "200 acres of rural land" exempted under the Texas Property Code, Sec.41.001. The Debtor's first meeting of creditors was held on May 29, 1997. Thereafter, on June 10, 1997, he amended,

---

pretation is a matter of law and no issues of fact exist. *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 246, 374 N.E.2d 146, 150 (1978). Courts must give the contract reasonable construction in conformity with the parties' intent, as expressed by the words of the contract. *Dealers Dairy Products Co. v. Royal Ins. Co.,* 170 Ohio St. 336, 164 N.E.2d 745 (1960). *Thomasville Furniture Industries, Inc. v. The Elder–Beerman Stores, Corp.,* 250 B.R. 609, 634 (Bkrtcy.S.D.Ohio 1998).

7. "The plain meaning of words and not the perception of such words by interested parties like the HEW shall always be the "master": "When I use a word" Humpty Dumpty said, in a rather scornful tone, "it means just what I choose it to mean no more, no less." "The question is," said Alice, "whether you can make words mean so many different things." "The question is" said Humpty Dumpty, "which is to be master that['s] all." *Finnegan v. Matthews,* 641 F.2d 1340, 1344, fn. 5 (9th Cir.1981), *citing to L. Car[r]oll, The Annotated Alice,* 269 (1960).

8. Lynch also raises the issue of whether she "acted with knowledge of the applicability of the automatic stay in filing the abstract." "Whether the party believes in good faith that it had a right to property is not relevant to whether the act was "willful" or whether compensation must be awarded. *Bloom,* 875 F.2d at 227 (citations omitted)." *In re Zaber,* 223 B.R. at 107 *citing to In re Sharon,* 200 B.R. 181, 200 (Bkrtcy.S.D.Ohio 1996).

9. At the point in time of the filing of the Abstract of Judgment, the Debtor's Chapter 13 plan of reorganization had not been confirmed, property of the estate had not revested in the Debtor.

among others, his Schedule "C" of exempt property. The Debtor did not include his homestead or any real property on Amended Schedule "C". Therefore, on August 11, 1997, when Lynch filed the Abstract of Judgment, the rural land was property of the estate under 11 U.S.C. § 541, regardless of whether it was impressed with homestead characteristics under Texas law. Thereafter, on October 7, 1997 and again on June 1, 1998, the Debtor amended Schedule "C" and he included in both amendments "200 acres of rural land" exempted under the Texas Property Code, Sec. 41.001. No objections to any exemptions claimed by the Debtor have been filed in this case. No objections have been made respecting the Debtor's filing of amendments absent leave of the Court to do so. Nor has the issue of the shifting exemptions been challenged.

■ The relief obtained under the order was limited by the language of the Motion.[10] The relief was limited to: "per-

mitting [Lynch] to have a hearing in state court on her Motion for Enforcement". Abstracting the judgment entered by the Court was an act of enforcement or collection beyond the scope of the relief requested and granted; as such, it required additional relief from the stay under § 362.[11] Lynch did not return to the bankruptcy court to obtain relief to enforce the judgment and, therefore, the Court must find that in so doing she violated the automatic stay.[12]

### The Notice of Lis Pendens

■ The Debtor avers Lynch violated the automatic stay by filing a Notice of Lis Pendens against his real property. The Debtor alleges that on May 2, 2000, Lynch caused to be filed a Notice of Lis Pendens in Bowie County with respect to the real property he had listed in his bankruptcy schedules.[13] Lynch denied the allegation and denied that the act of filing same was an attempt to create a lien on Debtor's

10. Lynch is an attorney licensed to practice in the State of Texas. At the time the Motion and Order were drafted, Lynch was appearing before this Court on her own behalf and appears to have drafted the documents at issue in addition to executing them. She cannot now complain of any ambiguity in those pleadings. If Lynch intended additional or specific relief, she had the opportunity of moving for same or negotiating the agreement with the Debtor to encompass whatever relief she desired.

11. Lynch's acts should not be confused with the ministerial acts of the State Court which were directly in keeping with the relief granted under the May 28, 1997 order.

12. Lynch argues that her actions do not fall under the rubric of actions prohibited by § 362. She argues that the Amended Motion For Enforcement which resulted in the state court judgment was filed March 10, 1997, after the commencement of the case. The argument is spurious because the amendment

of a pleading relates back in time to the originally filed pleading. *Fed.R.Civ.P. 15*. The original Motion for Enforcement was filed in December, 1996—pre-petition. Lynch argues further that "the judgment obtained and abstract filed...pertained to ...post-petition actions of the debtor...the judgments for sanctions and attorneys fees were for repetitious pleadings filed by the debtor ...after the commencement of this case". These arguments do not negate the fact that her actions *against the property of the estate* exceeded the relief Lynch had been granted by the Court. *See 11 U.S.C. § 362(a)(3) and (4)*.

13. Under V.T.C.A., Property Code § 12.007: "a) ... during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending."

property.[14]

Review of the certified Notice of Lis Pendens, executed by counsel for Lynch, indicates that it was filed with the Texas Clerk's Office in Bowie County in Volume 3258 at page 316 on May 9, 2000, on behalf of Lynch as Plaintiff, against the Debtor's real property situated in Bowie County. The Notice of Lis Pendens was filed as a pleading under Cause No. 99–C1181–102.[15] Cause No. 99–C1181–102 was initiated by the filing of the *Petition For Clarification Of Agreed Decree of Divorce & Declaratory Judgment, Or In The Alternative, For A Bill of Review,* filed in the 102nd District Court of Bowie County, Texas by Lynch against the Debtor on August 27, 1999. *Exhibit D–L.* It should not be confused here with the matter of the Motion For Enforcement (Cause No. 94–1197) (although it was pending in the same state court) referred to in the Motion For Relief From the Automatic Stay. This Court previously ruled from the bench on May 30, 2000 that the automatic stay did not prohibit the Court in Bowie County from entertaining Cause No. 99–C1181–102 or Lynch from pursuing it. In this regard, as Defendant pointed out, law of the case doctrine applies. (However, the Debtor has not challenged the filing of the Petition in the instant Motion for Contempt.) The question becomes: whether filing a notice of lis pendens is within the scope of pursuing Lynch's case or beyond the scope and a violation of the automatic stay.

The Court reiterates its oral ruling of May 30, 2000, that the relief sought in Cause No. 99–C1181–102 is a declaratory judgment or order clarifying the Bowie County Court's decree of divorce respecting whether the property settlement in the parties' divorce was flawed. Enforcement or collection, once the court has ruled on the issue, is a separate matter from obtaining a ruling and judgment or even a re-division of property.[16] The Notice of Lis Pendens expressly refers to the fact that Lynch "seeks to assert ownership interest in and/or a lien for a monetary judgment" against the Debtor's real property in Bowie County. It places the public on notice that the extent of the matter in controversy is $85,000.000 plus attorney's fees and costs.

■  The effect of filing a Notice of Lis Pendens in the State of Texas is the "functional equivalent of an involuntary lien as it acts as a cloud on title under Texas law". *F.D.I.C. v. Walker,* 815 F.Supp. 987, 990 (N.D.Tex.1993). *Cf.* "The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court. It is simply a notice of pending litigation. *Allstate Finance Corp. v. Zimmerman,* 272 F.2d 323 (5th Cir.1959). The effect of a lis pendens on the owner of property, however, is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit." *Beefy King International, Inc. v. Veigle,* 464 F.2d 1102, 1104 (5th Cir.1972). Whether mere notice or an involuntary lien, lis pendens is a part of a judicial proceeding. *V.T.C.A. § 12.007(a).* *See Prappas v. Meyerland Community Improvement Ass'n,* 795 S.W.2d 794 (Tex. App.—Houston 1990, *writ denied* ).

---

**14.** *Subject to Motion To Dismiss Adversary Proceeding Defendant's Answer To Motion For Contempt* filed by Lynch November 30, 2000, p. 3, paras. 14 and 15.

**15.** The Notice of Lis Pendens was admitted as Exhibit P–4.

**16.** *Compton Corp. v. U.S.,* 90 B.R. 798, 805 (N.D.Tex.1988) *dictum.*

■ The provisions of 11 U.S.C. § 362(a) apply to the filing of Lynch's notice of lis pendens. On the date of the filing of the Notice of Lis Pendens, the Debtor was protected by the automatic stay which was still in effect, the case neither having been closed nor dismissed. *See, 11 U.S.C. § 362(c)*. However, property of the estate had re-vested in the Debtor upon confirmation of the plan of reorganization on June 23, 1998.[17] Filing of a notice of lis pendens is a judicial action or proceeding as contemplated under 11 U.S.C. § 362(a)(1). The filing of the notice of lis pendens was a "commencement or continuation... of a judicial...action or proceeding against *the debtor* that was or could have been commenced before the commencement of the case [insofar as it arises from the 1995 Agreed Decree of Divorce].... to recover a claim against *the debtor* {i.e. not a claim against the estate because the claim against the bankruptcy estate was resolved by order dated June 8, 1998} that arose before the commencement of the case..". 11 U.S.C. § 362(a)(1). The filing of the notice of lis pendens constitutes an "act to create, perfect, or enforce against property of the debtor [a] lien to the extent that such lien secures a claim that arose before the commencement of the case under this title" and it is an "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title". *See 11 U.S.C. §§ 362(a)(5) and (6)*. This is true regard-

less of the exempt or non-exempt status of the property involved. Therefore, filing the Notice of Lis Pendens was a violation of the automatic stay in this instance because it was an act beyond the scope of the relief requested on May 28, 1997 (hearing on the Motion for Enforcement) or contemplated under the Petition for Clarification initiating Cause No.99–C1181–102. It was an act that required relief from the stay under § 362(d). Lynch did not return to this Court to obtain such additional relief and, therefore, she violated the automatic stay when she filed the Notice of Lis Pendens.

### *Actions Void or Voidable*

■ It is well settled that "actions taken in violation of the automatic stay are not void, but rather they are merely voidable, because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990), *citing Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir.1989). No credible evidence of mitigating circumstances has been adduced that persuades this Court that latitude in enforcing the automatic stay provisions of the Bankruptcy Code in this case is appropriate or equitable. Retroactive annulment of the automatic stay, which would render Lynch's actions within the scope of the order lifting the automatic stay, is subject to the broad discretion afforded a bankruptcy judge under section 362.[18] In this

---

**17.** Under 11 U.S.C. § 1327(b) "the confirmation of a plan vests all of the property of the estate in the debtor."

**18.** Some of the compelling circumstances considered by the courts in granting such extraordinary relief are: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate;

(4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would have been granted prior to the violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken. *In re Lett*, 238 B.R. 167, 195 (Bkrtcy. W.D.Mo.1999) citing to *In re Adams*, 215 B.R. 194, 195–96 (Bankr.W.D.Mo.1997); *Soares,*

case, the parties have already demonstrated blatant disregard for the dignity of this judicial system. The Court finds that the retroactive annulment of the automatic stay [19] has neither been sought nor is warranted and, therefore, the acts complained of should be, and hereby are, determined to be void *ab initio.* "[B]ankruptcy courts ordinarily must hold those who defile the automatic stay to the predictable consequences of their actions and can grant retroactive relief only sparingly and in compelling circumstances." *In re Soares,* 107 F.3d 969, 978 (1st Cir.1997). When a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by Tex.Prop.Code Ann. § 12.008 to cancel it. *Helmsley–Spear of Texas v. Blanton,* 699 S.W.2d 643, 645 (Tex.Ct.App.—Houston [14th Dist.] 1985, *no writ).* No additional procedural requirements are mandated by Bankruptcy Rule 9014 for the cancellation of an invalid lis pendens. *Matter of Texas Extrusion Corp.,* 844 F.2d 1142, 1152 (5th Cir.1988) *cert. denied.*[20]

■ Finally, the Debtor sought this Court's ruling that Lynch be held in contempt for her failure to remove the void lien on property of the Debtor. Until the Court declared the lien void, the issue was not ripe.

### CONCLUSION

■ The Court has carefully considered the Movant's request for attorney fees and sanctions. Given the blatant disregard of both of these parties for the dignity of this or any other court system and the continuous manipulation of each

party to attempt to gain the upper hand in some way, the Court finds that sanctions and attorney fees are not warranted and will not be granted.

For the foregoing reasons, the Court finds that Fredye Long Lynch violated the provisions of 11 U.S.C. § 362(a) when she filed an abstract of judgment handed down from the State Court and when she caused the Notice of Lis Pendens to be filed; the Court finds Lynch in contempt of this Court for her actions. This Court's ruling should not be construed by the parties, nor is it intended to be, an attack on the validity of the State Court's judgment, order or entry thereof by the clerk of such court, which acts were contemplated under the Motion For Relief and Order. The Court, accordingly, must deny Debtor's request that the Judgment entered by the District Court of Bowie County, Texas on August 11, 1997, be declared void. The Court grants the request that the Abstract of Judgment and Notice of Lis Pendens should be declared, and they are hereby, void. All other relief requested in the Motion For Contempt, Sanctions And Attorneys Fees is DENIED. An order will be entered accordingly.

107 F.3d at 977; *Profile Systems,* 193 B.R. at 512; *Williams v. United Investment Corp. (In re Williams),* 124 B.R. 311, 316 (Bankr. C.D.Cal.1991).

**19.** *In re Pierce,* 272 B.R. 198, 212–13 (Bkrtcy. S.D.Tex.2001)

**20.** *Texas Extrusion Corp. v. Lockheed Corp.,* 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988)