United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10872

_____

In The Matter Of: LARRY BROWN

                                        Debtor

_____

CITY BANK; SCOTT SEIDEL

                                        Appellants

        v.

INDUSTRIAL BANK NA

                                        Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 4:05-CV-35

_____

Before KING, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    The order of the bankruptcy court was correct for the

reasons well set out in its Memorandum Opinion and Order;

therefore, we REVERSE the judgment of the district court.  The

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

district court erred as a matter of law in concluding that the dismissal of the two previous bankruptcy proceedings necessarily served both to lift the automatic stay and to cleanse the appellee's violations of the stay.  In re Brown, 330 B.R. 548, 553 (N.D. Tex. 2005) (stating that "11 U.S.C. § 349(b) caused the dismissals of Cases 1 and 2 to have the effect of validating actions taken . . . during the pendency of those cases").  The bankruptcy court correctly recognized that the dismissal of a bankruptcy proceeding does not necessarily retroactively validate actions taken in violation of an automatic stay.  Rather, the retroactive validation of actions taken in violation of an automatic stay is reserved to the discretion of bankruptcy courts, and they are cautioned to use this discretion sparingly because of the adverse impact that validation could have on other creditors who honored the stay.  See, e.g., In re Cueva, 371 F.3d 232, 236 (5th Cir. 2004) (stating that bankruptcy courts have "broad discretion" to grant or to deny retroactive annulment or modification of an automatic stay); In re Thornburg, 277 B.R. 719, 731 (Bankr. E.D. Tex. 2002) (stating that bankruptcy courts should grant retroactive relief for actions that violated an automatic stay only in exceptional circumstances).  The bankruptcy court correctly exercised that discretion here.

The final judgment of the district court is REVERSED, and the Memorandum Opinion and Order of the bankruptcy court is AFFIRMED.  Costs shall be borne by appellee.